UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| RAMONE WRIGHT, | : | Case No. 2:22-cv-4042 |
| | : | |
| Plaintiff, | : | |
| | : | Judge Sarah D. Morrison |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| MICHAEL H. WATSON, | : | |
| | : | |
| Defendant. | : | |

## DEFICIENCY ORDER

Plaintiff, a federal prisoner proceeding without the assistance of counsel, has submitted a civil rights complaint to this Court. (Doc. 1-1). The case has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) and General Order 22-05 regarding assignments and references to United States Magistrate Judges.

Plaintiff has not paid the filing fee required to commence this civil action or filed a properly supported application to proceed without the prepayment of fees. As a prisoner, Plaintiff is subject to the requirements of the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(a)-(h). Under the PLRA, a prisoner seeking to bring a civil action without prepayment of fees or security—to proceed *in forma pauperis*—must submit an application and affidavit to proceed without prepayment of fees and a certified copy of their trust fund account statement (or institutional equivalent) for the six-month period immediately prior to the filing of the complaint. 28 U.S.C. § 1915(a)(2). The trust fund account statement is obtained from the cashier of the prison or jail at which the prisoner is or was confined. *Id*.

Here, Plaintiff has filed an Application to proceed without prepaying fees or costs. (Doc. 1). But the Application does not attach a certified copy of Plaintiff's trust fund account statement (or institutional equivalent) for the six-month period immediately prior to the filing of the complaint. 28 U.S.C. § 1915(a)(2). As such, the Application does not satisfy the PLRA.

Plaintiff is **ORDERED** to pay $402 ($350 filing fee plus $52 administrative fee) or submit to the Court a certified copy of Plaintiff's trust fund account statement (or institutional equivalent) for the six-month period immediately prior to the filing of the complaint **WITHIN THIRTY DAYS** of the date of this Deficiency Order. To assist Plaintiff, the Clerk of Court is **DIRECTED** to send him a blank copy of the standard form Application to proceed *in forma pauperis* that is used in this Court along with this Deficiency Order. The Clerk is further **DIRECTED** to send a copy of this Deficiency Order to the cashier of the institution at which Plaintiff is confined.

If Plaintiff fails to comply with this Deficiency Order, the Court shall dismiss the case for want of prosecution as required by *In re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997). If Plaintiff's case is so dismissed, it will not be reinstated to the Court's active docket despite payment of the filing fee. *Id*.

Plaintiff is **ADVISED** that he must keep this Court informed of his current address, and promptly file a Notice of New Address if he is released or transferred.

No answer to the Complaint or other response from Defendant is required at this time.

**IT IS SO ORDERED.**

January 26, 2023                                        */s/ Caroline H. Gentry*
                                                           CAROLINE H. GENTRY
                                                           UNITED STATES MAGISTRATE JUDGE