UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| RAMONE WRIGHT, | : | Case No. 2:22-cv-4042 |
| | : | |
| Plaintiff, | : | Judge Sarah D. Morrison |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| MICHAEL H. WATSON, | : | |
| | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION**

Ramone Wright, a federal prisoner proceeding without the assistance of counsel, has submitted a civil rights complaint to this Court. (Doc. 1-1). He did not pay the filing fees required to commence the action. Instead, he filed two Applications to proceed *in forma pauperis* and without prepaying the fees. (Doc. 1, 5).

On March 6, 2023, the Court directed a Show Cause Order to Plaintiff about the two Applications. (Doc. 6). The order said:

> [Plaintiff] has filed two applications to proceed *in forma pauperis* and without prepaying the fees. (Doc. 1, 5). Plaintiff filed the Second Application after the Court informed him that the First Application did not satisfy the requirements of the Prison Litigation Reform Act (PLRA). (*See* Deficiency Order, Doc. 4). The Second Application appears to contain the information required by the PLRA, but it also contains an apparent and material error. (Doc. 5).
>
> In his Affidavit in the Second Application, Plaintiff submits that he does not "have a work, program, status assignment or other circumstances which causes [him] to be paid by the prison, jail, or other custodial institution." (Doc. 5, PageID 67). He says he receives $0 per month from such a program. (*Id.*). He has a prisoner trust fund account, but denies having any assets, cash, or checking or saving accounts outside the prison, or other savings accounts at the prison where he is incarcerated. (*Id.*, PageID 68).
>
> Plaintiff provides the following answers to a question about the amount of money he received from various sources during the preceding year:

| | | | | Amount |
|---|---|---|---|---|
| a. Business, profession or other self-employment | ☐ Yes | ☒ No | $ | 0 |
| b. Rent payments, interest or dividends | ☐ Yes | ☒ No | $ | 0 |
| c. Pensions, annuities or Life insurance payments | ☐ Yes | ☒ No | $ | 0 |
| d. Disability or workers compensation payments | ☐ Yes | ☒ No | $ | 0 |
| e. Gifts or inheritances | ☐ Yes | ☒ No | $ | 0 |
| f. Any other sources | ☐ Yes | ☒ No | $ | 0 |

(Doc. 5, PageID 67). Plaintiff signed the Affidavit in his Second Application under penalty of perjury. (*Id.*, PageID 69).

Plaintiff's attached trust fund account statement describes a markedly different situation. (Doc. 5, PageID 71-78). For the preceding six months (from July 2022 until the beginning of February 2023) the statement reflects regular deposits through or from "Western Union." (*Id.*). The total of these deposits is $1,092 or $1,142.[1] (Doc. 5, PageID 76, 77 (calculating the "National 6 Months Deposits")).

Accordingly, to the extent Plaintiff says he received no money from any source in the last twelve months, his Affidavit in support of the Second Application appears to be materially false. (Doc. 5, PageID 67). As noted above, Plaintiff signed this Affidavit under penalty of perjury. (Doc. 5, PageID 69; *see also* First Application, Doc. 1, PageID 1-2 (signing under penalty of perjury, and disclosing no income)). Plaintiff's signature on the Second Application—and on every filing in this case—subjects him to the requirements and potential consequences of Rule 11 of the Federal Rules of Civil Procedure.

Moreover, the federal *in forma pauperis* statute requires a court to dismiss a case at any time if the court determines that plaintiff's "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). "The purpose of this provision is to weed out the litigants who falsely understate their net worth in order to obtain *in forma pauperis* status when they are not entitled to that status based on their true net worth." *Jones v. Michigan Dep't of Hum. Servs.*, No. 12-14466, 2013 WL 640771, at *1 (E.D. Mich. Feb. 21, 2013) (quoting *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997)) (cleaned up). A prisoner who understates the amount of his income or other money he has received risks having his case dismissed, with prejudice. *See Vann*

---

[1] This $50 discrepancy appear to be related to a $50 "Western Union" deposit made on February 2, 2023. (*See* handwritten notation on Doc. 5, PageID 76). Most of the trust fund account statement is dated as of February 1, 2023. (*See* Doc. 5, PageID 71-76).

2

> *v. Comm'r of N.Y. City Dep't of Correction*, 496 F. App'x 113 (2d Cir. 2012) (affirming dismissal of prisoner's case with prejudice, given his false representations and apparent bad faith). *See also Ojose v. Youngstown State Univ.*, No. 19-3221, 2019 WL 8301664, at *2 (6th Cir. Dec. 18, 2019) (where the allegation of poverty is untrue, dismissal is required, but "the district court has discretion to determine whether the action is dismissed with or without prejudice.").
>
> Here, it appears that Plaintiff has materially misrepresented the amount of money he received over the last year, in an effort to avoid prepaying the filing fee for this action. While he may not currently have sufficient funds in his account to prepay the filing fee, sanctions may be warranted under 28 U.S.C. § 1915(e)(2)(A) and/or Rule 11. *See Johnson v. Working Am.*, No. 1:12-cv-1505, 2013 WL 3822232, at *4 (N.D. Ohio July 23, 2013) (citing *Vann*, 496 F. App'x at 116) ("While Plaintiff may not have had sufficient funds to pay the filing fee, this does not excuse the fact that he was untruthful in his Application; i.e. that he falsely stated he was not receiving 'pay or wages' at the time he filed his Application.").
>
> Plaintiff is **ORDERED** to show cause why this case should not be dismissed, or his Application(s) to proceed *in forma pauperis* denied, under 28 U.S.C. § 1915(e)(2)(A) and/or Rule 11.

(Show Cause Order, Doc. 6).

Plaintiff filed a timely response. (Doc. 7). In it, he characterizes his apparently false statements as a "clerical error" or "unintended typographical error" that may be corrected under Rule 36 of the Federal Rules of Criminal Procedure. (*Id.*, PageID 84). He does not explain why he made this error twice, in two separate filings, under penalty of perjury. (*See* First Application, Doc. 1, PageID 1-2; Second Application, Doc. 5, PageID 67, 69 (both representing to the Court that he received no money from any source)). He does, however, proffer other explanations: he misread the question; the question is vague; the deposits shown on his trust fund account statement were not "regular deposits"; he was not receiving "pay" or "wages" as defined in a dictionary; he did not know the amount he expected to receive in the future and so marked $0; he thought the question was asking about money received *in addition* to the amount shown on his trust fund account statement; he did not alter the trust fund account statement; he is beneath the

3

federal poverty level; his net worth is $0; and an innocent error cannot support sanctions under Rule 11 of the Federal Rules of Civil Procedure. (Doc. 7).

Despite framing the issue as a correctable clerical error, Plaintiff does not attempt to *correct* the error. That is, Plaintiff does not answer the question of how much money he received from any source in the preceding twelve months. He does not explain who sent him the funds from Western Union, although he appears to say they are "charity." (Doc. 7, PageID 84). The Court is left to speculate about how much money Plaintiff actually received during the preceding twelve months, from whom, and why he chose not to disclose this information when faced with the potential dismissal of his case. In these circumstances, the Undersigned cannot credit Plaintiff's assertion that his provably false statements that he received $0 from any source—statements that he made twice and failed to correct when asked to do so—was an innocent error.

"Proceeding *in forma pauperis* is a privilege and not a right." *Ohio v. Ealy*, No. 1:09-cv-245, 2009 WL 1118704, at *1 (S.D. Ohio Apr. 24, 2009) (citing *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998)). A litigant need not be absolutely destitute to be granted leave to proceed *in forma pauperis*. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). But a litigant does have an obligation of truthfulness in his filings in this Court, as well as a burden to demonstrate that he should be granted *in forma pauperis* status. *See* Fed. R. Civ. P. 11; *West v. AFSCME Bldg. Corp.*, No. 2:22-cv-2235, 2022 WL 18142399, at *1 (W.D. Tenn. Apr. 14, 2022) (under 28 U.S.C. § 1915, "the Court must conduct a satisfactory inquiry into the plaintiff's ability to pay the filing fee and prosecute the lawsuit. A plaintiff seeking *in forma pauperis* standing must respond fully to the questions on the Court's *in forma pauperis* form[.]").

Plaintiff's Applications seek the benefit of 28 U.S.C. § 1915(a), which permits an indigent plaintiff to avoid filing fees if he demonstrates by affidavit the inability to pay such fees.

4

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). Courts are therefore directed to dismiss a case filed *in forma pauperis*, or any part of it, that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.[2] 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b).

Another requirement written into the statute is that the Court dismiss an action if it determines that a plaintiff's "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). As noted in the Show Cause Order, "[t]he purpose of this provision is to weed out the litigants who

---

[2] The required screening of Plaintiff's Complaint under 28 U.S.C. § 1915 and/or 28 U.S.C. § 1915A would generally occur after the filing fee issue is resolved. However, the Undersgined observes that the Complaint appears to be subject to dismissal before any further proceedings for at least the following reasons.

**First**, Plaintiff has sued a federal judge who, in his individual capacity, is absolutely immune from a suit for damages for actions taken in Plaintiff's criminal case. *See LeVay v. Morken*, 598 F. Supp. 3d 655, 662 (E.D. Mich. 2022) (quoting *DePiero v. City of Macedonia*, 180 F.3d 770, 783-84 (6th Cir. 1999) (under the "doctrine of absolute judicial immunity . . . '[j]udges are generally absolutely immune from civil suits for money damages,' because 'the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability.'"); *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) ("judicial immunity is not overcome by allegations of bad faith or malice," or "because the action [the judge] took was in error . . . or was in excess of his authority"); s*ee also Stinson v. Williams*, No. 2:22-cv-2576, 2023 WL 146267, at *5 (W.D. Tenn. Jan. 10, 2023) ("Because (1) 'the real party in interest in an official-capacity suit is the entity represented and not the individual officeholder', and (2) the United States is immune from suit, *Bivens* does not permit suits against government employees in their official capacities.").

**Second**, Plaintiff's claim appears to be barred by the *Heck* favorable termination rule, which requires Plaintiff to show that his convictions were *already* invalidated before this case can proceed. *See Alexander v. Mitchell Carter*, No. 1:15-cv-69, 2018 WL 1124959, at *3 (E.D. Tenn. Mar. 1, 2018) (internal citation omitted) ("The *Heck* favorable termination rule, when applied in a *Bivens* case, provides that a plaintiff may not maintain a civil complaint under *Bivens* for harm caused by alleged unlawful actions of federal officials, whose unlawfulness would render his federal judgment of conviction or sentence of imprisonment invalid, unless he pleads and proves his federal judgment of conviction has been invalidated.").

**Third**, the claim, which is premised on events occurring on December 21, 2016 (Complaint, PageID 7), may be barred by the statute of limitations. *See White v. Morgan*, No. 1:10-cv-1804, 2010 WL 3860636, at *1 (N.D. Ohio Sept. 29, 2010).

falsely understate their net worth in order to obtain *in forma pauperis* status when they are not entitled to that status based on their true net worth." *Jones v. Michigan Dep't of Hum. Servs.*, No. 12-14466, 2013 WL 640771, at *1 (E.D. Mich. Feb. 21, 2013) (quoting *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997)) (cleaned up). Notably, a plaintiff who understates the amount of money received risks having the case dismissed even if he could not, in truth, afford the filing fee. *See Ojose v. Youngstown State Univ.*, No. 19-3221, 2019 WL 8301664, at *2 (6th Cir. Dec. 18, 2019) (where the allegation of poverty is untrue, dismissal is required, but "the district court has discretion to determine whether the action is dismissed with or without prejudice."); *Johnson v. Working Am.*, No. 1:12-cv-1505, 2013 WL 3822232, at *4 (N.D. Ohio July 23, 2013) (citing *Vann v. Comm'r of N.Y. City Dep't of Correction*, 496 F. App'x 113, 116 (2d Cir. 2012) (dismissing with prejudice where plaintiff misrepresented his financial status, saying: "While Plaintiff may not have had sufficient funds to pay the filing fee, this does not excuse the fact that he was untruthful in his Application; i.e. that he falsely stated he was not receiving 'pay or wages' at the time he filed his Application.").

In *Vann*, the Second Circuit considered a similar case where a prisoner had given a false answer on his *in forma pauperis* application. The district court had dismissed the case with prejudice. The Second Circuit affirmed, saying:

> [W]e discern no error in the District Court's finding that Vann's allegation of poverty was untrue. Vann's declaration submitted in support of his application for *in forma pauperis* status stated, under penalty of perjury, that he had not received any income from any source other than thirty dollars from his mother-in-law for the twelve months preceding January 28, 2010. Vann was also aware that if he gave a "false answer to any questions in [the] declaration," that "the [c]ourt shall dismiss this case." R. on Appeal, Doc. 1, Request to Proceed *In Forma Pauperis*, at 2, Jan. 28, 2010. Nevertheless, the record clearly supports the District Court's finding that Vann had intentionally omitted from his application the $2,059.10 in deposits that he had received. Vann's Inmate Transaction Account reveals that he had received $1,455.50 in non-payroll deposits and $603.60 in payroll deposits during the twelve months in question. Vann was required to state in his application that he had

6

> received that income, yet he did not do so. Moreover, when given the opportunity to respond to defendants' motion to dismiss and explain the omission, Vann failed to provide a credible justification for the omission. Regardless of whether Vann spent the money is his account for discretionary phone calls or commissary purchases or gifted money to relatives during the twelve months preceding the filing of his complaint and application for *in forma pauperis* status, Vann was required to accurately and truthfully state his financial history and assets. 28 U.S.C. § 1915(a)(1), (a)(2). This he did not do.

*Vann*, 496 F. App'x at 115-16. *Vann* has been cited with approval by courts in this circuit. *See, e.g., Ojose v. Matanin*, No. 4:16-cv-2952, 2019 WL 1078349, at *4 (N.D. Ohio Mar. 6, 2019), *aff'd nom. Ojose v. Youngstown State Univ.*, No. 19-3221, 2019 WL 8301664 (6th Cir. Dec. 18, 2019); *Johnson,* 2013 WL 3822232, at *4.

Here, Plaintiff twice represented to this Court that he received no funds from any source in the preceding twelve months, when in fact he received at least $1,092. (Doc. 5, PageID 76, 77). "The misrepresentation was not a minimal inaccuracy but, instead, a substantial and material misrepresentation of the plaintiff's income." *Murphy*, 2020 WL 428943, at *4. Moreover, when given the chance, Plaintiff chose not to correct his misrepresentations and disclose to the Court how much money he *did* receive in the preceding twelve months. Instead, he attempted to explain and justify his false statements. These "attempted rationalizations do not change the fact that he materially misrepresented his . . . financial situation in his IFP motion." *Ojose*, 2019 WL 8301664, at *2.

As in *Vann*, the Undersigned concludes that Plaintiff's allegation of poverty in his Application—in both his Applications—is untrue.[3] *Vann*, 496 F. App'x at 115-16; *see also Murphy*, 2020 WL 428943, at *4 (finding, as a result of a material misrepresentation about her

---

[3] The Undersigned notes parenthetically that Plaintiff paid the full filing fees in two civil cases he filed in the Northern District of West Virginia. *See Wright v. Adams*, No. 5:21-cv-28 (N.D.W.V. April 6, 2021); *Wright v. United States of America*, No. 5:21-cv-142 (N.D.W.V. Aug. 25, 2021).

7

income, that "the allegation of poverty in her *in forma pauperis* application was untrue for purposes of § 1915(e)(2)(A), and dismissal is required."). Therefore, Plaintiff has **NOT SATISFIED** the Show Cause Order (Doc. 6) and dismissal is required. 28 U.S.C. § 1915(e)(2)(A). This Court has discretion to dismiss the case with or without prejudice. *Ojose*, 2019 WL 8301664, at *2. Given Plaintiff's refusal to correct his false statements when given the opportunity to do so, the Undersigned concludes that dismissal with prejudice is appropriate. The Undersigned therefore **RECOMMENDS** that this Court **DISMISS** this case under 28 U.S.C. § 1915(e)(2)(A) **WITH PREJUDICE**.

In the alternative, if the Court were to find that Plaintiff's allegation of poverty is not untrue, the Undersigned would **RECOMMENDED** that the Court **DENY** Plaintiff's Applications to proceed *in forma pauperis* (Doc. 1, 5) for failure to fully complete the Applications and truthfully disclose his financial status to this Court, and **ORDER** Plaintiff to pay the $402 filing fee required to commence this action **within thirty days**. If he does so, the matter will be screened as discussed in footnote 2. Plaintiff's filing fee will not be returned to him if the case is dismissed during this screening.[4]

**IT IS SO RECOMMENDED.**

May 17, 2023                            /s/ Caroline H. Gentry
                                        CAROLINE H. GENTRY
                                        UNITED STATES MAGISTRATE JUDGE

---

[4] Even if this Court were to grant Plaintiff's Applications to proceed *in forma pauperis,* he would still be required to pay the Court's $350 filing fee, but would do so over time. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1914. He would not be required to pay the Court's $52 administrative fee. *See* Administrative Office of the U.S. Courts, District Court Miscellaneous Fee Schedule, United States Courts, No. 14, available at https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule (last accessed May 11, 2023). However, the Complaint would still be subject to screening as discussed in footnote 2.

**Notice Regarding Objections to this Report and Recommendation**

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it within **FOURTEEN DAYS** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A District Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).