**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**RAMONE WRIGHT,**

    **Plaintiff,**

v.

**MICHAEL H. WATSON,**

    **Defendant.**

:

:

**Case No. 2:22-cv-4042**
**Judge Sarah D. Morrison**
**Magistrate Judge Caroline H. Gentry**

## ORDER

Plaintiff Ramone Wright is a federal inmate who brings this action without assistance of counsel. His case is before the Court on the May 17, 2022 Report and Recommendation. (R&R, ECF No. 8.) In the R&R, the Magistrate Judge recommends that the Court dismiss Mr. Wright's claims with prejudice for making false statements in his Motions for Leave to Proceed *in Forma Pauperis* or, in the alternative, deny said Motions. (*Id.*) Mr. Wright timely filed an objection to the R&R. (Obj., ECF No. 9.)

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Mr. Wright filed his first Motion for Leave to Proceed *in Forma Pauperis* on November 15, 2022. (ECF No. 1.) Mr. Wright represented under penalty of perjury that he had no assets or income of any kind. (*Id.*) On January 27, 2023, the Magistrate Judge notified Mr. Wright that his Motion was deficient because it did not include a certified copy of his trust fund account statement for the six-month period immediately prior to the filing of his complaint. (ECF No. 4.)

Two weeks later, Mr. Wright filed his second Motion for Leave to Proceed *in Forma Pauperis*. (ECF No. 5.) Mr. Wright again represented under penalty of perjury that he had no assets or income of any kind. (*Id.*) But his certified trust fund account statement indicated otherwise. The statement shows regular deposits into Mr. Wright's account of $50–$120, all from Western Union. (*Id.*, PAGEID # 71–76.) Together, the deposits amounted to $1,092.00 over the six-month period before the instant action was filed. (*Id.*, PAGEID # 75.)

The Magistrate Judge put on an Order calling attention to the "apparent and material error." (ECF No. 6.) She summarized the law requiring that a court dismiss a case in which a plaintiff makes an "untrue" allegation of poverty. (*Id.*) She further warned Mr. Wright that his case was at risk of being dismissed with prejudice if he was unable to adequately address the Magistrate Judge's concern that he "materially misrepresented the amount of money he received over the last year, in an effort to avoid prepaying the filing fee for this action." (*Id.*)

Mr. Wright responded to the Show Cause Order, claiming that the error was "a clerical error" and "an unintended typographical error," but also that he

"misread[ ] the question," found the question to be "vague," and chose to "mark zero . . . because he [did] not know the set amount he receives, or the expected amount in the future." (ECF No. 7.) Mr. Wright additional argues that he intentionally reported zero income because he interpreted the question as asking about "additional income beside the charity amount lister on [his] trust fund account." (*Id.*) He takes issue with the Magistrate Judge's characterization of the Western Union deposits as "regular," asserts that he lives below the federal poverty level in any case. (*Id.*)

In the R&R, the Magistrate Judge finds that Mr. Wright failed to satisfy the show cause order because he has not credibly explained the prior error, and "chose not to correct his misrepresentations." (R&R.) She concludes that Mr. Wright's allegation of poverty in his Motions for Leave to Proceed *in Forma Pauperis* are, for purposes of § 1915(e)(2)(a), "untrue" and warrant dismissal. (*Id.*) Mr. Wright objects, arguing that he did not correct his prior Motions because the Show Cause Order did not include a blank application for leave to proceed *in forma pauperis* and, separately, that he assumed the Clerk "would correct the record." (Obj.) The objections are not persuasive. The record shows that Mr. Wright falsely completed not one, but two applications to proceed *in forma pauperis* by mechanically marking "zero" and checking "no." He offers several inconsistent reasons why his decision to do so should now be excused or was justified. But none is credible, and none renders his earlier representations true.

3

The Court **ADOPTS** and **AFFIRMS** the Magistrate Judge's Report and Recommendation (ECF No. 8) and **DISMISSES** this case **with prejudice**. Mr. Wright's Objection (ECF No. 9) is **OVERRULED**. The Clerk is **DIRECTED** to **TERMINATE** this case from the docket.

    **IT IS SO ORDERED.**

    /s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**